No 15,040.

|124  41|
|132 304|

DAVIS *v.* FOGLE ET AL.

WILL.—*Revocation.—Adoption of Child.*—The adoption of a child, under the statute of this State, does not operate to revoke an antecedent will of the adopting father, although he has made no provision by the will or otherwise for such adopted child.  By section 2560, R. S. 1881, the revocation of a will is not contemplated upon the adoption of a child.

From the Noble Circuit Court.

*J. Morris, J. M. Barrett* and *T. M. Eells,* for appellant.

*H. G. Zimmerman, F. M. Prickett* and *P. V. Hoffman,* for appellees.

OLDS, J.—This was an action to quiet title to real estate. William C. Davis, who died on the 11th day of April, 1889, was, at the time of his death, the owner in fee of the real estate described in the complaint.  The appellant, Esther S. Davis, was the third, and childless wife of the deceased.  The deceased had no children by his first wife.  The appellee Mina A. Fogle was his child by the second wife.  In 1888 said William C. Davis adopted Eli C. Davis as his child and heir.  After the marriage of said William C. Davis to his third wife, Esther S. Davis, and before the adoption of Eli C. Davis, he made a will devising the real estate in contro-versy to his wife, Esther S. Davis, in fee.  The appellee Mina A. Fogle brought this suit, making Esther S. and Eli

C. Davis defendants, alleging the facts, and contended that the adoption of Eli C. Davis by her father, William C. Davis, revoked the will, and that she and Eli C. each inherited a one-half interest in the real estate, subject to the life estate in favor of Esther S. Davis, the third and childless wife of the deceased.

The appellant, Esther S. Davis, demurred to the complaint, for the want of facts, which demurrer was overruled and she excepted.

The question presented for decision is, does the adoption of a child, under the statutes of this State, operate to revoke an antecedent will of the adopting father, he having made no provision, by the will or otherwise, for such adopted child? This question must be determined mainly by the construction to be given to our statutes.

Counsel for appellee, in their able brief in this case, contend that as " the statute declaring and defining the rights and interests of adopted heirs in the estate of their father, contains no limiting or qualifying words; nor are the rights and interests of the adopted heir restricted to the rights and interests of a ' natural heir' in any particular case or class of circumstances; nor to natural heirs born prior to the date of the will of their father, whereby no provision has been made for them, but the wording is that the adopted child shall be entitled to and receive all the rights and interests in the estate of such adopting father, by descent or otherwise, of a natural heir, and as the legal status, rights and capacities of an adopted heir are, by the statute, made co-equal with those of a natural heir, then co-ordinate legal consequences and results must of necessity flow therefrom; hence, if the natural birth of an heir subsequent to the date of its father's will (no provision having been therein made for such heir) shall be deemed a revocation of the will of its father, so, also, the legal birth of an heir subsequent to the date of its father's will(no provision having been therein made for such heir)shall

in like manner, be deemed to work a revocation of its father's antecedent will."

So much of the statute providing for the adoption of children as is material reads as follows:

" Such court, when satisfied that it will be for the interest of such child, shall make an order that such child be adopted; and from and after the adoption of such child, it shall take the name in which it is adopted, and be entitled to and receive all the rights and interest in the estate of such adopted father or mother, by descent or otherwise, that such child would do if the natural heir of such adopted father or mother." Section 825, R. S. 1881.

It is further provided that if such child shall die without leaving wife or husband, issue, or their descendants surviving him or her, seized of any real estate or personal property which may have come to such child by gift, devise, or descent, from such adopting father or mother, such property shall descend to the heirs of such adopting father and mother the same as if such child had not been adopted. Elliott's Supp., section 29.

It is held by this court that where an adopted child dies without issue, owning real estate which came to it by inheritance from its adopting father or mother, the same shall descend, on the death of the child, to the adopting father or mother surviving, in preference to the natural mother. Humphries v. Davis, 100 Ind. 274; Humphries v. Davis, 100 Ind. 369; Paul v. Davis, 100 Ind. 422.

The court in the case of Humphries v. Davis, supra, at p. 282, say: " Not only is the conclusion which we have stated that to which cold rules of logic and the benign ones of natural equity lead, but it is also the conclusion to which the general principles both of the American law and the Roman law lead. It is a principle of both systems of jurisprudence, that in case of failure of descendants capable of taking, the inheritance shall go back to the kinsmen of the blood from which it came. Our statute fully recognizes this general principle,

for it provides that when the inheritance comes from the paternal line, it shall go back to the kinsmen of that blood, but when the inheritance comes from the maternal line it shall go back to the kinsmen of the mother's side." These decisions go as far, it would seem, in holding the legal status of the adopted child to be the same as a natural child, as is warranted under the statute; but the conclusions are reached on broad, equitable principles, and differ very materially from the questions presented in this case. These decisions go no further than to hold that the surviving adopting father or mother inherits from the adopted child such property only as it inherited from the deceased adopting father or mother, and the statute was so amended in 1883 (Elliott's Supp., section 29), as to provide that property which may come to such adopted child by descent, devise, or gift, from its adopting father or mother shall, upon its death without husband, wife, or issue surviving, descend to the heirs of such adopting father or mother; which amendment was no doubt deemed necessary to prevent the natural heirs of such adopted child from inheriting to the exclusion of the heirs of its adopting parents that which came from them, and of right should on the death of such child without husband or wife, issue or descendants surviving, descend to the heirs of the adopting parents. There is a material difference in the matter of inheritance by an adopted and natural child; also, as to the descent of property owned by them. An adopted child inherits from its natural parents, but not from the relatives of the adopting parents. The natural parent inherits all such property as the child may acquire otherwise than through the adopting parents. In the case of *Humphries* v. *Davis, supra,* p. 283, it is said by the court : " It does her [the mother] no injustice to leave her with her right to such property as her child may acquire otherwise than through the adoptive parents, but it would do great injustice to permit her to secure the property acquired by her child in virtue of both its natural and adoptive rights."

But we think the statute relating to the revocation of wills is decisive of the question involved in this case. Section 2559, R. S. 1881, provides: "No will in writing, nor any part thereof, except as in this act provided, shall be revoked, unless the testator, or some other person in his presence and by his direction, with intent to revoke, shall destroy or mutilate the same; or such testator shall execute other writing for that purpose, signed, subscribed, and attested as required in the preceding section. And if, after the making of any will, the testator shall execute a second, a revocation of the second shall not revive the first will, unless it shall appear by the terms of such revocation to have been his intent to revive it, or, unless after such revocation, he shall duly republish the previous will." Section 2550 provides that "If, after the making of a will, the testator shall have born to him legitimate issue, who shall survive him, or shall have posthumous issue, then such will shall be deemed revoked, unless provision shall have been made in such will for such issue."

It is held in *Runkle* v. *Gates,* 11 Ind. 95, that to revoke a will the requirements of the statute must be strictly pursued. It is manifestly true no act, thing, or deed will revoke a will once duly executed, unless it comes within the provisions of the statute providing for the revocation of wills. To hold that the adoption of a child revokes the will, it is necessary to interpolate into section 2560, after the words "legitimate issue," the words "or shall adopt a child;" or words to the same effect, for the words of the statute are plain and explicit; they are: "If after the making of the will the testator shall have born to him legitimate issue." It would be legislation, and enacting a statute to so construe it, and would be putting an unwarranted construction upon the statute to hold that the words "the testator shall have born to him legitimate issue" mean the same as, or include, an adopted child; or that by the adoption of a child a parent has born to *him,* or her, legitimate issue. The one is made

a legal heir by legal proceedings under the statute, and the other is an heir by reason of being born in lawful wedlock. For one, the parent has natural love and affection; for the other the parent may, or may not, have. The one the parent is bound to by nature, and under moral obligation to support, maintain, educate, and provide for; and to the other the parent is under such obligations as the statute imposes, and none other. The statute gives to the one certain rights, and imposes certain obligations on the adopting parents, but it does not make it the legitimate child and issue of the adopting parents, or a child born to them. One becomes an heir by birth, the other by the judgment of a court.

By section 1 of an act approved March 11, 1889 (Acts of 1889, p. 430), it is provided "that if a man marry a second or subsequent wife and has by her no children, but has children alive by a former wife, the interest of such second or subsequent childless wife in the lands of the decedent shall only be a life-estate, and the fee of the same shall at the death of such husband vest in such children, subject only to the life-estate of the widow." It might as well be claimed that if, during the lifetime of such second, or subsequent wife, the husband and wife adopt a child, it would be the same as if one were born to them, and such wife would inherit the one-third in fee of the real estate owned by the husband, since, if a child was born to them as the fruits of the marriage she would inherit, and the birth of the legitimate child fixes the status of the wife as to her interest in the property of her husband; and if, as contended by counsel for appellee, the status of an adopted child is the same in law as a child born in wedlock, and possesses the same rights as a child born in wedlock, and the adoption revokes an antecedent will the same as the birth of a child, then, with equal force can it be said that the status and rights of the parents are fixed by the adoption of a child the same as by the birth of a child. As well might it be said that if the father die testate, and devise his real estate to his daughter for life, and

Davis *v.* Fogle *et al.*

the fee to the heirs of her body, in case she shall have issue born to her, but in case she shall have no issue born to her then the fee to a son, if the daughter adopt a child it would take the fee in the real estate the same as if it were a natural child, born of her body. These illustrations legitimately flow from the theory contended for by counsel for appellee in the construction of section 2560, if carried to a reasonable extent, and, we think, are clearly erroneous, and can not be supported by authority.

We have examined the authorities cited by counsel for appellee, and think none of them sustain the doctrine contended for. The case of *Sewell* v. *Roberts,* 115 Mass. 262, is based upon a statute somewhat different from the statute of this State, and the decision goes no further than to hold that the adopted child took as the heir of the adopting father. The statute under which the adoption was made provided that the adopted child, for the purpose of inheritance, etc., should be the same as if born to them in lawful wedlock, except in certain cases; and the court held that the case under consideration did not come within any of the exceptions named in the statute, and it is far from being decisive of the question presented in this case.

It seems clear to us that the adoption of a child does not revoke an antecedent will of the adopting parent; that it can not be construed to operate the same as the testator having *born to him legitimate issue.*

The court erred in overruling the demurrer to the complaint, and the judgment must be reversed.

Judgment reversed, with costs.

Filed March 11, 1890; petition for a rehearing overruled May 15, 1890.