LEMIRA W. BUCKLEY *vs.* FANNY E. FRASIER.

Bristol.　November 1, 1890. — May 19, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Adopted Child — " Issue " — Widow — Assignment of Real Estate.*

A child by adoption is "issue," within the meaning of § 3 of the Pub. Sts. c. 124, which provides that if a husband dies intestate leaving "no issue living" his widow shall take his real estate in fee to an amount not exceeding five thousand dollars in value.

APPEAL from a decree of the Probate Court dismissing the petition of Lemira W. Buckley for the assignment to her of the real estate in fee of her former husband, Edward E. Frasier. Hearing before *C. Allen*, J., who reported the case for the consideration of the full court.

The appellant and her former husband, who never had issue born to them or to either of them, on December 7, 1883, by proper proceedings in the Probate Court, adopted the appellee as their child. The child, who was nine years of age at the time of the hearing, lived with them until the death of the husband, and thereafter with the appellant as her child. The husband died on February 6, 1885, intestate, and left real estate valued at less than five thousand dollars. The appellant contended that a child by adoption was not " issue " of the husband, and that she was entitled to such real estate under the Pub. Sts. c. 124, § 3.

*J. Brown & R. C. Brown*, for the appellant.

*A. M. Alger*, for the appellee.

BY THE COURT. The following opinion was prepared by Mr. Justice DEVENS, and after his death was adopted as the opinion of the court by the Justices who sat with him at the argument.

In order that a child should be adopted, it is necessary that both the husband and wife should join in the petition, if the petitioner have a husband or wife living, and upon adoption the child is deemed the child of both. Pub. Sts. c. 148, § 1. This contemplates not only that the relation of the adopting parents will be changed towards the child, but that their rela-

tions to each other, whether so far as their several property is concerned or otherwise, will be modified by the existence of the adopted child as the child of both.

Section 7 of the Pub. Sts. c. 148, provides: " As to the succession to property, a person adopted in accordance with the provisions of this chapter shall take the same share of property which the adopting parent could have devised by will that he would have taken if born to such parent in lawful wedlock, and he shall stand in regard to the legal descendants, but to no other of the kindred of such parent, in the same position as if so born to him." The remainder of the section provides for the descent of the property of the adopted child, whether acquired by himself, or derived from his adopting parents, or from his natural parents, from whom he does not lose the right to inherit. By the Pub. Sts. c. 124, § 3, when a husband dies intestate, and " leaves no issue living," the widow is entitled to take his real estate in fee to the amount of five thousand dollars in value, with certain other provisions in her favor which do not require here to be considered. Section 1 of the same chapter makes a similar provision in favor of the husband when the wife dies leaving no issue, saving his rights, if any, in her other real estate. From both of these provisions it appears that the right of the wife to dower or of the husband to curtesy in the land, other than that coming to either in fee in the contingency provided for, was not intended to be disturbed.

In the case at bar, the husband has deceased, leaving real estate of less than five thousand dollars in value, and the surviving widow brings her petition that the whole may be assigned to her upon the ground that her husband left no issue living, her claim being that an adopted child is not within the meaning and intent of the statute. As the husband died in February, 1885, the St. of 1885, c. 255, and the St. of 1887, c. 290, amending the Pub. Sts. c. 124, § 1, need not be considered.

The Pub. Sts. c. 124, §§ 1, 3, are substantially re-enacted from the St. of 1880, c. 211, which was passed subsequently to the St. of 1876, c. 213, in which are found in substance the Pub. Sts. c. 148, §§ 1, 7. It is urged by the appellant that the sections derived from the St. of 1880, when construed with the Pub. Sts. c. 148, § 7, must, in enlarging the rights of a wife

in the husband's real estate, be deemed to have modified the St. of 1876 to the extent of reducing the claim which the adopted child will have on the estate of the deceased parent by adoption, so far as real estate to the extent of five thousand dollars is concerned. She urges that, as the provisions of the statutes conferring upon the widow, the husband leaving no issue, the right in his real estate to the extent of five thousand dollars, were passed after the statute of adoption, if it had been intended that an adopted child should be treated as "living issue," such a person would have been mentioned by different words, as child or children by adoption. On the other hand, it is said by the appellee, that if the Legislature had intended to give the widow a larger interest against an adopted child than as against a child born to her husband in lawful wedlock, that intent would have been clearly expressed. The words "issue living" are wider and more extensive than "living child"; and if the latter words had been used in the statute, even if unaccompanied by the word "adopted," it would be reasonably clear that the widow was not to take the five thousand dollars of real estate to the exclusion of the adopted child. Section 8 of the Pub. Sts. c. 148, has provided: "The term child, or its equivalent, in a grant, trust settlement, entail, devise, or bequest, shall be held to include a child adopted by the settler, grantor, or testator, unless the contrary plainly appears by the terms of the instrument"; and in construing the statute itself, a less liberal construction should not be adopted. If the words "issue living" be construed according to their strict meaning, § 1 of the Pub. Sts. c. 124, is not reconcilable with § 7 of the Pub. Sts. c. 148, or rather operates *pro tanto* to repeal it. The general intent of the statute (Pub. Sts. c. 148) is to place the adopted child in relation to either of his adopting parents, so far as their property is concerned, in the same position that he would be if their natural child. No stronger expression could be used than that which permits him to take the share of the property of the adopting parent "that he would have taken if born to such parent in lawful wedlock." That the adopted child should be deprived of that which is given so explicitly is not readily supposable. There is less difficulty in holding that the word "issue" is used in the sense of child or children, and as thus construed it

includes adopted children. If construed otherwise, the adopted child no longer occupies the relation of a child born in lawful wedlock to either of his or her adopting parents.

*Decree affirmed.*