EDWARD A. MACMASTER, administrator, *vs.* HARRIET K. FOBES & others.

Plymouth.   January 12, 1917. — March 14, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Adoption.   Words, "Parent."*

Where a person adopted under R. L. c. 154, § 1, by a husband and wife as the child of both has inherited or acquired by will property from each of his adopting parents and after the death of both of them dies intestate, under § 7 of the same chapter all his property acquired by himself or by gift or inheritance from either of his adopting parents must be distributed according to the provisions of R. L. cc. 133, 140, "among the persons who would have been his kindred if he had been born to his adopting parent in lawful wedlock," without regard to the respective amounts received by such adopted child from each of his adopting parents.

In the case in which the above point was decided, it appeared that the adopted child also had inherited from her natural father a certain sum of money, and by a decree, assented to by all parties interested, it was ordered that, in accordance with the provision contained in R. L. c. 154, § 7, this property should "be distributed in the same manner as if no act of adoption had taken place."

APPEAL from a decree of the Probate Court for the county of Plymouth made upon a petition of the administrator of the estate of Rowena Fobes, late of Bridgewater, ordering that the sum of $7,500, "which came to said deceased from her adopting father, Joseph B. Fobes," be distributed among certain persons, who were cousins of her adopting father, "to the exclusion of the heirs at law and next of kin of her adopting mother, Martha P. Fobes."

The appeal came on to be heard before *De Courcy,* J., who at the request of the parties reserved it upon the pleadings and an agreed statement of facts for determination by the full court, such decree to be entered as justice and equity might require.

R. L. c. 154, § 7, is as follows: "A person who is adopted in accordance with the provisions of this chapter shall take the same share of the property which the adopting parent could dispose of by will as he would have taken if born to such parent in lawful wedlock, and he shall stand in regard to the legal descendants, but to no other of the kindred of such adopting parent, in the same position as if so born to him. If the person adopted dies intestate, his property acquired by himself or by gift or inheritance from his adopting parent or from the kindred of such parent shall be distributed according to the provisions of chapters one hundred and thirty-three and one hundred and forty among the persons who would have been his kindred if he had been born to his adopting parent in lawful wedlock; and property received by gift or inheritance from his natural parents or kindred shall be distributed in the same manner as if no act of adoption had taken place. The apportionment and distribution shall be ascertained by the court. A person shall not by adoption lose his right to inherit from his natural parents or kindred."

*R. W. Nutter, (J. W. Keith* with him,) for the appellants.

*S. C. Bennett,* for the appellees, Augusta Sears and others.

CARROLL, J. Rowena Fobes, unmarried, died intestate in November, 1913. From her father, Frederick W. Barry, who died in 1889, she inherited the sum of $2,895.89. Besides his daughter Rowena, there survived him, his second wife, two sons and a daughter who were half brothers and a half sister of the intestate. January, 1890, Rowena Fobes was adopted by Joseph B. Fobes and Martha Fobes, his wife. Mrs. Fobes died April 5, 1898, the intestate received from her estate the sum of $753.75, and under

the will of Joseph B. Fobes, who died August 30, 1898, she received his entire estate amounting to $9,502.50.

In the Probate Court it was decreed that $2,500, the sum in the hands of the administrator of Rowena Fobes which came from her father Frederick W. Barry, should be distributed among her half brothers and half sister. All parties interested assented to this decree. A decree also was made, distributing the money in the hands of the administrator, that came from her adopting mother, and which then was $600, among the appellants — nephews and nieces of the adopting mother — excluding the heirs at law and next of kin of the adopting father. No appeal was taken from this decree. A third decree was entered, directing that the sum of $7,500 held by the administrator, which came to Rowena Fobes from her adopting father, should be distributed to the appellees — cousins of the adopting father — "to the exclusion of the heirs at law and next of kin of her adopting mother." This decree is appealed from.

The appellees are second cousins of the intestate. The appellants are her first cousins and contend that under R. L. cc. 133, 140, they are the next of kin and entitled to the entire estate. The contention of the appellees is that, inasmuch as they are the heirs at law and next of kin of the deceased on her adopting father's side, they are entitled to that part of the estate of Rowena Fobes which she received from him. The Probate Court sustained this contention.

When Rowena Fobes was adopted by Joseph B. Fobes and his wife Martha P., she became the child of both. R. L. c. 154, § 1. *Buckley* v. *Frasier*, 153 Mass. 525. Under R. L. c. 154, § 7, the adopted child stands, so far as concerns the legal descendants of the adopting parents, in the same position as a child born in lawful wedlock. But she does not stand in this relation to the other kindred of the adopting parents. She takes from her adopting parents by succession or inheritance to the same extent as a son or daughter born in wedlock; but she cannot inherit by right of representation, in lieu of her parent, from any of her parents' kindred. *Wyeth* v. *Stone*, 144 Mass. 441. Under R. L. c. 154, § 8, in a will or settlement where the testator or settlor is not the adopting parent, the adopted child does not have the rights of one born in lawful wedlock, unless it plainly appears to have been the intention of the settlor or tes-

tator to include the adopted child. A child by adoption does not lose her right to inherit from her own parents or kindred, and their property is to be distributed in the same manner as if no act of adoption had taken place. R. L. c. 154, § 7. Aside from the exceptions in the statute, the adopted child is one of the family, with the rights and obligations of such, and with the same right to inherit and succeed to the property of the parent as a child of the marriage. On the death of the adopted child her property acquired by gift or inheritance from the adopting parents is distributed among the persons who would be her kindred if she had been born to the adopting parents in lawful wedlock, in the same manner as the property acquired by her during her lifetime. She became one of the family by the right of adoption; she stood toward her adopting parents as a child born in wedlock. She inherited their property, and on her death it is to be distributed among her kindred by adoption, whether derived by gift or inheritance from those parents or secured by her own industry and efforts. Being the child of both parents by adoption, her property, whether it came from the father or mother, or from both, is to be divided among the same kindred as the property of a child of the marriage.

In this section of the statute the word "parent" is used in the singular number, when speaking of the parents by adoption, and from this fact the appellees argue that its intent was to make the estate of an adopted child, coming from the adopting father, descend to his family and to those members thereof who are the heirs at law and next of kin of the deceased on the adopting father's side, and the property which came to the child from the adopting mother go to the heirs at law and next of kin on her side. The word "parent" is not used in this connection for the purpose of indicating a separate and distinct apportionment of the estate of the adopted child, determined by the particular parent from whom the inheritance came. This portion of the estate is to be distributed exactly as the estate of a child born in wedlock, without considering the kindred of the parent from whom the property was received, and to the same kinsfolk as her real estate and personal property acquired by her own labor and industry. The adopting parent may be an unmarried person; and it is quite probable that the word is used in the singular throughout the section, for gram-

matical agreement. If, however, the petitioner for adoption has a husband or wife living, such husband or wife must join in the petition; and in that event the word is used extensively, comprehending both the parents. In the descent of the parents' property the child by adoption shares equally, and without discrimination, with the child born in wedlock. And the disposal of such property, on the death of the adopted child, is to the same next of kin as the kindred of such child, without distinction as to the parent from whom she inherited.

It follows that, as the appellants are the next of kin of the intestate, the property received by her under the will of Joseph B. Fobes is to be distributed among them.

A decree is to be entered reversing the decree of the Probate Court and directing that the sum of $7,500 in the hands of the administrator be distributed equally among the appellants.

*So ordered.*