GEORGE A. WASHBURN vs. ALDEN WHITE.

Bristol. Oct. 28, 1885. — Jan. 11, 1886. FIELD & C. ALLEN, JJ., absent.

A child adopted under the St. of 1871, c. 310, § 8, acquires, under the Gen. Sts. c. 69, § 1, cl. 3, the settlement of its father by adoption; and, if such child becomes pregnant before a new settlement is acquired, an overseer of the poor of the town in which the adoptive father has his settlement may maintain a complaint under the bastardy act, Pub. Sts. c. 85, § 2.

COMPLAINT under the bastardy act, Pub. Sts. c. 85. Trial in the Superior Court, before *Bacon*, J., who directed a verdict for the respondent; and the complainant alleged exceptions. The facts appear in the opinion.

*F. V. Fuller*, for the complainant.

*J. Brown*, for the respondent.

GARDNER, J. The complainant was a duly elected and qualified overseer of the poor of the city of Taunton, and, by virtue of his office, made this complaint under the Pub. Sts. c. 85, § 2. Among other things, the complaint alleged that Dora E. Shores, the woman pregnant, had a settlement in the city of Taunton, and that she resided at Berkley. As the statute above cited provides that an overseer of the poor of the place where the woman entitled to make a complaint under the bastardy act has her settlement may, under certain conditions, make the complaint and prosecute the same, it became material at the trial to determine whether the said Dora E. Shores had a settlement in Taunton. The respondent contended that she had no such settlement, and that therefore the complainant had no authority to make and prosecute the complaint.

The facts, as stated in the bill of exceptions, find that Dora E. Shores, whose name was formerly Ladora I. Howland, had no settlement in Taunton; that she was adopted by Thomas Shores and Lizzie B., his wife, by decree of the Probate Court, made on August 6, 1875; and that, at the time of the adoption, Thomas Shores had a settlement in Taunton, and has had one there ever since.

The Legislature, by various enactments, has provided for the legal adoption by one person of the child of another. *Ross* v.

*Ross*, 129 Mass. 243. The adoption of Dora E. Shores was under the St. of 1871, *c.* 310, the eighth section of which provided that "a child or person so adopted shall be deemed for the purpose of inheritance, and all other legal consequences of the natural relation of parent and child, to be the child of the parent or parents by adoption, as if born to them in lawful wedlock, except," &c. The language is broad and unconditional. Not only for the purpose of inheritance, but for "all other legal consequences of the natural relation of parent and child," the child so adopted shall be deemed, i. e. shall be adjudged, to be the child of the parents by adoption, to the full extent, as if born to them in lawful wedlock. Whatever legal consequences flow from the natural relation of parent and child, such consequences, by this statute, are adjudged to appertain to the child of the parent by adoption. The adoptive relation is coextensive in all its legal consequences with the natural relation of parent and child, saving the exceptions mentioned in the statute, none of which relate to settlement.

At the time of the adoption of Dora E., the law regulating the settlement of children was as follows : " Legitimate children shall follow and have the settlement of their father, if he has any within the State, until they gain a settlement of their own," &c. Gen. Sts. *c.* 69, § 1, *cl.* 3. Thus one of the legal consequences of the natural relation of a child born to parents in lawful wedlock is, that it shall have the settlement of its father, if he has any within the State. *Monson* v. *Palmer*, 8 Allen, 551. To this legal consequence the adopted child Dora became subject immediately upon her adoption. The legal settlement of her adoptive father, in Taunton, became her legal settlement on August 6, 1875, the date of her adoption. Having once acquired her settlement, it remains until she acquires another.

By the St. of 1876, *c.* 213, § 7, it was provided that "all rights, duties, responsibilities, and other legal consequences, including settlement, of the natural relation of child and parent, shall thenceforward exist," &c. Settlement is mentioned for the first time in this act, and it is argued that this is significant. The construction we have given to the St. of 1871 renders it immaterial that the words " including settlement " appear in the St. of 1876 for the first time. The Legislature may have inserted

these words for the purpose of making the language of the statute clearer, more certain, and beyond doubt, and thus to carry out its intention in unequivocal phraseology.

As Dora E. Shores, at the time the complaint was made, had a settlement in the city of Taunton, it follows that the complainant was authorized to make and prosecute the complaint.

*Exceptions sustained.*