INHABITANTS OF WALDOBOROUGH.

*vs.*

INHABITANTS OF FRIENDSHIP.

Lincoln.     Opinion January 26, 1895.

*Pauper. Adoption. R. S., 1871, c. 67, § 31.*

A minor, who in February, 1871, was legally adopted under our statutes by a man and his wife as their child, thereupon took the legal settlement of those persons instead of longer following the settlement of his natural parents; the effect of the decree of adoption being to transfer the settlement of the child from the settlement of his parents to that of his adopters.

ON REPORT.

The case appears in the opinion.

*C. E. and A. S. Littlefield,* for plaintiffs.

*W. H. Fogler,* for defendants.

Counsel argued the following points :

By a decree of adoption the relations thereby created between the child and the adopters are not, and from the nature of things cannot be, absolutely the same as those theretofore existing between the child and its natural parents.

The adoption proceedings being provided and controlled by statute, the relations thereby created between the child and the adopters, and the legal consequences arising therefrom, should be limited to the purposes defined by statute.

The rights created by the adoption proceedings are only those of obedience to the adopters on the part of the child and of maintenance on the part of the adopters.

The statute authorizing adoptions contains nothing from which it may be inferred that it was the intention of the legislature that the rule of settlement of a child should be changed or affected by adoption.

The statute providing that legitimate children have the settlement of their father, refers to and means that such children have the settlement of their natural father, such being the ordinary acceptation of the word "father."

Such rule being expressly statutory, as are all the rules of governing pauper settlements, it should not be changed, extended or controlled by implication merely, but only by express statutory enactments.

To hold that an adopted child takes the settlement of the father by adoption would give to the statute authorizing adoptions a construction which is radically opposed to the rule of settlement above referred to, and which may lead to anomalous and absurd results.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

PETERS, C. J.   This is an action by the plaintiff town to recover of the defendant town a bill of pauper supplies furnished to one Isley Davis upon the ground that at the time the supplies were furnished, the pauper had his legal settlement in the town of Friendship.

It appears, from the facts agreed, that the natural parents of Isley Davis were residents of Cushing, and, if he at that time followed their settlement he would be a charge upon that town, and this action would not be sustainable against the defendants.

The case shows, however, that in 1871, Isley Davis was legally adopted by David Davis and his wife, and that they had their settlement at the time of the adoption and ever since in the town of Friendship.   If, after the adoption of Isley Davis by David Davis, Isley took the settlement of David, then the town of Friendship is liable for the supplies sued for in this action. The question, therefore, for determination is whether this act of adoption transfers the settlement of the pauper from Cushing to Friendship or not.

The decree of adoption took effect in February, 1871, after the Revised Statutes of 1871 were passed, and therefore the question pending here is to be governed by section 31 of chapter 67 of those statutes, which reads as follows : "By such decree the natural parents shall be divested of all legal rights in respect to such child, and he shall be free from all legal obligations of obedience and maintenance in respect to them ; and he shall be, for the custody of the person and right of obedience and maintenance, to all intents and purposes, the child of his adopters, as if they had been his natural parents. But such adoption shall not affect any rights of inheritance, either of the child adopted, or of the children or heirs of his adopters."

We deem it not a stretch of construction to decide that the adopted child took the settlement of the party adopting him, though there may be reasonable argument on either side of the question. We are unable to find that any such case has ever arisen before this in any court excepting in Massachustts, in the case of *Washburn* v. *White*, 140 Mass. 568, where the doctrine was held as we are disposed to declare it in the case before us. The language of the statute before quoted is clear and positive. The common law established certain legal relations between a father and his child, and the statute substitutes the same legal relations between the father and his adopted child. The latter are as legal as the former,—both are legal, the latter superseding the former.

It is just as reasonable a policy to allow the adopted son to take the settlement of the father as it is to allow the natural son to do so. Said DANFORTH, J., in *Lowell* v. *Newport*, 66 Maine, 78 : " What reason can be given why the child should follow the father, except the policy of keeping families together? When there is no longer any occasion for that, or when for any reason the child has ceased to be a member of the family and is no longer dependent on the parent, then the reason for the law has ceased and ordinarily the law, in such cases, ceases also." Says WALTON, J., in *Warren* v. *Prescott*, 84 Maine, 483 : "It is as competent for the legislature to place a child by adoption in the direct line of descent as for the common law to place a

child by birth there." The reasoning in both the cases we have quoted from goes to sustain the policy of our decision here.

*Defendants defaulted.*