CHARLES O. STEARNS, administrator, *vs.* ALFRED M. ALLEN & others.

ALFRED M. ALLEN & others *vs.* CHARLES O. STEARNS, administrator.

Suffolk.     March 11, 12, 1903. — May 22, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, & HAMMOND, JJ.

*Adoption. Descent.*

A child, whose father is domiciled in a foreign country, if born in this Commonwealth may be adopted here under the provisions of Pub. Sts. c. 148, (R. L. c. 154).

Under Pub. Sts. c. 148, § 7, (R. L. c. 154, § 7,) an adopted daughter inherits as a sister from a son of one of her parents by adoption.

TWO PETITIONS, filed January 3, 1902, in the Probate Court for the County of Suffolk, for the appointment of an administrator of the estate of George A. M. Ewer, late of Winthrop.

In the Probate Court *Grant*, J. made decrees granting the

---

first petition and dismissing the second, on the ground that Alice Louise Knight was entitled to be the sole distributee of the estate of the deceased. Alice Louise Knight was the daughter by adoption of Harry T. Knight and Clara Gibbs Knight, his wife, who was the mother by a former marriage of George A. M. Ewer, the intestate. On appeal *Loring*, J. affirmed both decrees, and the next of kin by blood of the intestate appealed.

*H. K. Brown*, for the next of kin.

*C. C. Bucknam*, for the administrator representing Alice Louise Knight.

KNOWLTON, C. J. These are two petitions for the appointment of an administrator of the estate of one Ewer. The petitioner in one case represents Alice L. Knight, a sister of the intestate by adoption, and the petitioner in the other case represents uncles and aunts who are the intestate's next of kin. The question is whether the adopted sister or the uncles and aunts succeed to the property of the deceased, and this question may be divided into two parts: First, was the adoption of Alice L. Knight legal and valid; secondly, if it was, does she take as a distributee under the statute.

At the time of the proceedings for adoption, the law in reference to the subject was contained in the Pub. Sts. c. 148, and it was re-enacted without material change in the R. L. c. 154.

The record shows that the requirements of the statute were exactly complied with if the court had jurisdiction of the case. The petition was made by a husband and wife, each more than twenty-one years of age, in the county of their residence, and the child was much younger than they. In these respects the facts conform to the provisions of § 1 of the statute. It is provided in § 3 that "a giving up in writing of a child, for the purpose of adoption, to a charitable institution incorporated by law, shall operate as a consent to any adoption subsequently approved by such institution." In this case the record shows such a giving up by the mother to such an institution. · The written consent of the father was not submitted to the court with the petition, and the court, in accordance with § 4 of the statute, ordered a notice by publication, which was duly given.

The father did not appear at the appointed time and place to object to the adoption, and so, by the terms of § 5 of the statute, he is held to have consented thereto, so far as relates to the proceedings in the Probate Court. A decree for adoption, reciting the facts was thereupon made in due form.

The appellants attack the jurisdiction of the Probate Court on the ground that the father of the child was not, and never had been, a resident of this Commonwealth, or of the United States, the petition describing him as of Aberdeen, Scotland. The Pub. Sts. c. 156, § 4, is as follows: " The jurisdiction assumed in any case by the court, so far as it depends on the place of residence of a person, shall not be contested in any suit or proceeding, except in an appeal in the original case, or when the want of jurisdiction appears on the same record." See also *Dallinger* v. *Richardson,* 176 Mass. 77. The only question, therefore, in this part of the case, is whether the record conclusively shows a want of jurisdiction. The only facts which appear of record, touching this subject, are that the child is described as of Somerville in the county of Middlesex, and as born there a little more than two years before the proceedings for adoption, that the father is described as of Aberdeen, Scotland, and as never having been a resident of the United States, with an averment that the child was brought to the Gwynne Temporary Home for Children in Boston, and given up by her mother to that institution for the purpose of adoption. In the decree the mother is also described as of Somerville.

The appellants contend that the statute does not apply to a case in which the child has not a legal domicil in this Commonwealth, and that, upon the facts which appear of record, the domicil of the father was not here, and that the domicil of the child follows that of her father. Upon the recitals before us, the child does not appear to have had a legal domicil in this Commonwealth, although she had dwelt here all her life, and in a broad, general sense, was a resident of Massachusetts. The adopting parents resided and had their domicil in Middlesex County.

The appellants rely upon *Foster* v. *Waterman,* 124 Mass. 592, in which it was held that a statute of New Hampshire authorizing adoption applied only to cases in which the child and the

adopting parents were domiciled in that State. That statute differs from the law of this Commonwealth, inasmuch as the Pub. Sts. c. 148, § 1, expressly authorizes the adoption of a child residing here by a person not an inhabitant of this Commonwealth. But we assume that our statute was not intended to apply to a child who is not, or to adopting parents who are not, at the time of the decree, within the jurisdiction of the court. A decree cannot be binding except upon parties of whom the court has jurisdiction. Under the provision just referred to, persons domiciled in another State voluntarily bring themselves within the jurisdiction of the court by filing their petition, and therefore there can be no question as to jurisdiction of the adopting parents. As to the child the case stands differently. If he is under the age of fourteen years, he cannot personally take any part in the proceedings. If he is above that age, his consent in writing is a prerequisite to an adoption. With certain exceptions stated in § 3, the written consent of the parents or of the surviving parent or the guardian must be obtained, and if such consent is not submitted to the court with the petition, notice to the parents or representatives of the child must be ordered by the court.

Taking all the provisions of the statute together, we are of opinion that they are not intended to apply to children who are not subject to the jurisdiction of the Commonwealth at the time of the commencement of the proceedings. Probably the Legislature did not contemplate proceedings of this kind for the adoption of a child who lives with his parents beyond the boundaries of the State, even if they should voluntarily come into the Probate Court and consent in writing to the adoption. It is very clear that neither the legislative nor the judicial department of the government can give such proceedings any effect against a child or its parents who do not come into court and who reside together in another State. But the Commonwealth has jurisdiction, for many purposes, of persons dwelling here who retain their domicil elsewhere. They are subject to our criminal laws and our police regulations. The Commonwealth may provide for them if they fall into distress, and may exercise such control of them as is necessary for their protection, if they are unable to take care of themselves.

Adoption involves a change of status. So far as the adopting parents are concerned, the change cannot be made without their consent. So far as an infant child is concerned, the State, as his protector, may make the change for him. The natural parents of the child should be considered and their natural rights should be carefully guarded, but their rights are subject to regulation by the State, and if these come into conflict with the paramount interests of the child, it is in the power of the State, by legislation, to separate children from their parents when their interests and the welfare of the community require it. Section 3 of this statute provides that the consent of parents to the adoption shall not be required in certain cases of imprisonment of the parent in the state prison or house of correction, or of wilful desertion of the child by the parent, or if he has suffered the child to be supported for more than two years continuously by a charitable. institution, or as a pauper, or if he has been convicted of being a common drunkard and neglects to provide proper care and maintenance for the child, or if he has been convicted of certain other offences and is guilty of such neglect.

In many of these cases the State may exercise and ought to exercise jurisdiction over the child. If the child is actually dwelling in the State, although his father's domicil is elsewhere, the State may· as well provide for his adoption as to provide for him in other ways. Although the status of the natural parent in reference to the child is affected by the adoption, the jurisdiction which gives the right to decree adoption is jurisdiction over the adopted parents and the child, who are the parties whose status is directly decreed. The incidental effect upon the status of the natural parents is only in regard to certain rights of property and the right of control. From the necessity of the case, inasmuch as it has not always been possible to find all the interested parties in the same State, it is enough to establish jurisdiction which is binding upon the natural parent if he is given reasonable notice of the pendency of the proceedings, and an opportunity to be heard. *Parsons* v. *Parsons*, 101 Wis. 76. We are of opinion that if the child is an inhabitant of the Commonwealth, especially if his father has abandoned him and his mother also lives here, the mere fact that his father's domicil is

in another State or country does not deprive the court of jurisdiction under our statute.

In the case at bar the child, by virtue of her birth in Massachusetts, was a citizen of the United States and of Massachusetts, notwithstanding that her father was domiciled in Scotland. The fourteenth amendment to the Constitution of the United States provides that " all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." This has been construed to apply to a case like the present. *United States* v. *Wong Kim Ark*, 169 U. S. 649. See also *Gardner* v. *Ward*, 2 Mass. 244 note, and *Kilham* v. *Ward*, 2 Mass. 236, 265. This provision alone would give Massachusetts jurisdiction to authorize proceedings for adoption, and our statute should be held to apply to such a case.

On this record the court may have found that the child's father married her mother in Somerville and quickly abandoned her. If these are the facts, there is some ground for a contention that the legal domicil of the child, and perhaps of the mother also, is in this Commonwealth where they have actually resided. But assuming that their domicil is technically that of the husband and father, our Legislature and our courts, under these circumstances, were justified in the exercise of jurisdiction over the child, and in providing for her adoption when a favorable opportunity came to her. We are of opinion that she was legally adopted. For cases in which the law in regard to adoption is considered, see *Sewall* v. *Roberts*, 115 Mass. 262; *Ross* v. *Ross*, 129 Mass. 243; *Edds, appellant*, 137 Mass. 346.

The right of the adopted child to inherit from her brother by adoption is stated in Pub. Sts. c. 148, § 7. After providing that as to the succession to property such a child shall take of the estate of the adopting parent the same share that he would have taken if born to such parent in lawful wedlock, the statute adds these words, " and he shall stand in regard to the legal descendants, but to no other of the kindred of such parent, in the same position as if so born to him." This language seems plain. It gives the adopted child the same right to inherit directly from legal descendants of his adopted parent that he would have if born to the parent in lawful wedlock. The intestate was a legal

descendant, namely, the son of one of the adopting parents. If the adopted child had been born in lawful wedlock to this parent, she would have been the sister of the intestate, and so heir and distributee of his estate. Under this statute she inherits his property.

This view is consistent with all the decisions upon the question that have come to our knowledge, and they all point to the same conclusion. *Sewall* v. *Roberts,* 115 Mass. 262. *Washburn* v. *White,* 140 Mass. 568. *Delano* v. *Bruerton,* 148 Mass. 619.

*Decrees affirmed.*