(No. 14982.—Decree affirmed.)

EMMA HOPKINS, Appellant, vs. WILLIAM SCOTT GIFFORD
et al. Appellees.

*Opinion filed October 20, 1923.*

1. ADOPTION—*adoption statutes will not be strictly construed to defeat an adoption.* While there must be a substantial compliance with the provisions of statutes conferring jurisdiction over adoption proceedings, the construction of such statutes should not be so narrow or technical as to defeat their intention or the beneficial results, where all the material provisions of the statutes have been complied with.

2. SAME—*jurisdictional facts recited in decree are presumed to have been proved.* Where the order or decree of the court in an adoption proceeding recites jurisdictional facts, it will be presumed in a subsequent proceeding that the court heard proof of the facts upon which the decree is based.

3. SAME—*when adoption of ward of another State is valid.* As the Illinois statute does not prohibit the adoption by residents of Illinois of a child not a legal resident thereof, a child who is the ward of a court of another State may be adopted by proceedings in an Illinois court, where the court of the other State has appointed a guardian for the child with power to consent to such adoption, provided such consent is shown to have been given and the child is in court at the time of the adoption proceedings.

4. SAME—*adopted child has rights of natural child under section 10 of Statute of Descent.* As the statute on adoption provides that as far as inheritance is concerned an adopted child stands in the same relation to the adoptive parent as a natural child, a child adopted after a will is made has the same rights as a natural child under section 10 of the Statute of Descent, providing for the abatement of devises and legacies where an after-born child is not mentioned in the will and no intention to disinherit appears. (*Flannigan v. Howard,* 200 Ill. 396, adhered to.)

5. JURISDICTION—*party cannot question jurisdiction which he has successfully invoked in a former proceeding.* Where one has successfully invoked the jurisdiction of a court he cannot question such jurisdiction in a subsequent proceeding.

APPEAL from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

Fred B. Hamill, and Herrick & Herrick, for appellant.

Lynn S. Corbly, guardian *ad litem,* for William Scott Gifford.

B. L. Kirk, guardian *ad litem,* for Van Fritzgerald.

Mr. Justice Stone delivered the opinion of the court:

The principal question involved in this case is the validity of the orders of adoption of the appellees by appellant and her deceased husband. The appellee Van Fritzgerald was on petition of appellant and her husband, Cyril G. Hopkins, decreed by the county court of Champaign county to be their adopted child on the 10th of October, 1908. Appellee William Scott Gifford was by decree of the county court of Champaign county, on a like petition, decreed to be their adopted child on the 11th day of July, 1910. Hopkins died leaving a last will and testament, which was admitted to probate in Champaign county on December 10, 1919. This will was executed in August, 1893, and devised and bequeathed all of his real and personal property, including the real estate in question in this case, to the appellant, his wife, appointing her as executrix without bond. She filed her bill in this case to quiet title to the real estate devised to her by her deceased husband, alleging that said adoptions were void. An amended bill was filed on the 17th day of June, 1922. Guardians *ad litem* were appointed for the two appellees, minor defendants, who filed general and special demurrers to the amended bill. The circuit court of Champaign county sustained these demurrers, and the appellant having elected to abide her bill, the same was dismissed for want of equity.

The principal grounds of demurrer were, that the bill was insufficient on its face to present a cause of action, and that appellant having been petitioner in the adoption pro-

ceedings, as shown by her bill, is now estopped to deny the validity of such proceedings.

The bill, after setting out the facts herein given, assigned numerous reasons for the alleged illegality of the adoption proceedings. It was alleged as to the adoption of Gifford that the same was void for the reason that the county court was without jurisdiction either of the person of Gifford or the subject matter of the proceedings, and the order and decree purporting to make Gifford the adopted child of petitioner and her husband were void; that Gifford was at the time such proceedings were had a resident of the State of Connecticut and not of the State of Illinois; that he had no guardian over his person in this State and no guardian *ad litem* was appointed for him; that Elizabeth A. Halcomb was a pretended guardian of Gifford under a pretended appointment by the probate court for the district of Hartford, Connecticut; that no summons was issued against her but that there was filed what purported to be her entry of appearance and consent, but that the same was without any binding force or effect within this State as she was not appointed guardian by any court of competent jurisdiction within this State; that the probate court of the Hartford district of Connecticut was without jurisdiction and authority to enter an order declaring Gifford a dependent child, depriving the parents or custodian of the custody of the child and authorizing Elizabeth A. Halcomb to consent to the adoption of it; that it appears on the face of the petition for adoption in the county court of Champaign county that Elizabeth A. Halcomb was only authorized to consent to adoption in a court having jurisdiction; that her consent was void and conferred no jurisdiction on the county court of Champaign county. It was contended that the petition for adoption did not comply with the provisions of the statute in this State concerning adoptions; that the record of the adoption in the county court does not show notice to the parents of Gifford, and that

the provisions of section 2 of the Adoption act providing that adoption may be had without notice in cases where the persons otherwise required to be made defendants have been deprived of the custody of the child sought to be adopted and a guardian has been appointed for such child, with authority to consent to the adoption without notice to the parents or persons having custody, are unconstitutional and void. It is alleged in the bill that the decree of adoption shows upon its face that the county court did not have jurisdiction.

As to the adoption of Fritzgerald, the bill alleges that the same is void for the reason that he was at that time a legal resident of the State of South Dakota. Objections raised against the adoption proceedings of Gifford are also alleged as to the proceedings in the case of Fritzgerald. In addition it is averred that the consent to his adoption given by the superintendent of the South Dakota Children's Home Society, to whom the county court of Spink county, South Dakota, had committed Fritzgerald "for adoption or other purposes," was not under the seal of the society.

The bill alleges the claims of Gifford and Fritzgerald constitute a cloud on appellant's title to the land in question. Attached to the bill are copies of the will of Cyril G. Hopkins, the order of the probate court of Connecticut appointing Elizabeth A. Halcomb guardian *ad litem* of Gifford, her consent to the adoption of Gifford filed in the county court of Champaign county; also copies of the petition of Cyril G. Hopkins and appellant asking for the adoption of Gifford, setting out therein that Gifford is a dependent child; that at a regular term of the probate court of Hartford district, in the State of Connecticut, Gifford was legally adjudged and decreed a dependent child and Elizabeth A. Halcomb was by said court appointed guardian *ad litem,* with power to consent to the adoption of such child, and that the parents, guardian, custodian or other persons whose consent to the adoption would otherwise be re-

quired, were deprived of the custody or any right or authority over the child.  The decree and order of the county court of Champaign county in the Gifford case are also attached to the bill, which recite that upon hearing and proofs submitted the court finds it has jurisdiction of the parties and the subject matter; that the petitioners and said child were in open court; that Gifford is a dependent child; that the probate court for the Hartford district, State of Connecticut, at a regular term appointed Elizabeth A. Halcomb guardian of Gifford; that she was by the order of said court empowered to consent to the adoption of the child, and that the parents of the child were deprived of the custody or authority over him, and that the guardian was authorized to consent to the adoption without notice to the parents or other custodian of the child.  The order finds that the consent of such guardian had been filed and the child was the adopted child of Cyril G. and Emma Hopkins and capable of inheriting their estate and the estate of either of them.  Attached to the bill are also the adoption proceedings for Fritzgerald.  The petition therein filed is brought against the South Dakota Children's Home Society, and shows the society to be the legally appointed guardian of the child, with power to consent to the adoption thereof. The bill also sets out the order of the county court appointing said society guardian of said child "for adoption or other purposes," the consent of the society by W. B. Sherrard, its superintendent, together with his acknowledgment, and a notarial certificate that Sherrard is the superintendent of the society.  The order and decree of adoption by the county court of Champaign county show that on a hearing the court finds that it has jurisdiction of Fritzgerald and his custodian, the South Dakota Children's Home Society; that the society is guardian of the child, with power to consent to its adoption, and orders and decrees that Fritzgerald be the adopted child of Cyril G. and Emma Hopkins, his wife, and capable of inheriting their property

and estate. The amended bill of appellant also sets out the order of the county court of Spink county, South Dakota, declaring Fritzgerald to be a dependent child; finding that his parents are vicious and immoral; that they had deserted the child, and that it is for the best interest of the child that he be surrendered to the South Dakota Children's Home Society, and that the child by said order is given to the society, to act as the guardian of the child for adoption or otherwise.

The adoption of friendless, dependent or orphan children tends to conserve the best interests of society and the State. All States of the Union now have adoption statutes. The right of adoption is not only beneficial to those immediately concerned, but likewise to the public. It is not the duty of courts to bring the judicial microscope to bear upon such a case in order that every slight defect may be magnified, so that a reason may be found for declaring invalid the proceedings under a beneficent statute of this character. Courts are more inclined to abandon the old rule of strict construction and to place a fair and reasonable construction on adoption statutes, to the end that the adoption may be upheld and the assumed relationship sustained. There must be a substantial compliance with the provisions of statutes conferring jurisdiction, but the construction of such statutes is not to be so narrow or technical as to defeat the intention of the acts or the beneficial results where all material provisions of the statutes have been complied with. (*Kennedy* v. *Borah,* 226 Ill. 243; *Flannigan* v. *Howard,* 200 id. 396; 1 Corpus Juris, 1373.) An examination of the allegations of this bill herein referred to; shows a substantial compliance with the Adoption act of this State. While, as alleged in the bill, the parents of these children were not notified, yet section 2 of the Adoption act provides that in all cases where parents or guardians or other custodians shall have been deprived of the custody of the child by an order of a court of competent jurisdiction, and

such court in the order appointing a guardian of the person of the child shall have authorized such guardian to consent to the adoption of the child without notice to or assent by such person or persons, they need not be made defendants and notice to them is not necessary. Section 3 of the act provides that when the court shall order the adoption of a child, a decree shall be made setting forth the facts, and ordering that from the date of the decree the child shall to all legal intents and purposes be the child of the petitioners, and the court may change the name of the child according to the prayer of the petition. The order of the county court of Champaign county in each of these adoption proceedings recites the jurisdictional facts, and the rule is that it will be presumed that the county court heard proof of the facts upon which the decree is based. *Barnard* v. *Barnard,* 119 Ill. 92; *Stow* v. *Kimball,* 28 id. 93.

It is urged, however, that the record of the county court as set out in the bill shows that that court could not obtain jurisdiction over the child in either case, as in one case the child was a resident of Connecticut and in the other a resident of South Dakota. The order of the county court, however, shows that in both cases the children to be adopted were in open court. Section 1 of the Adoption act provides "that any reputable person may petition the circuit court or county court of the county in which he resides, or where the child may be found." There is nothing in the statute of Illinois which prohibits the adoption by residents of this State of a child not a legal resident thereof. The only provision with reference to the residence of the child is that herein quoted. It has been held in various States that a permanent residence on the part of the child is not essential to jurisdiction in adoption proceedings. In *Stearns* v. *Allen,* 183 Mass. 404, it was held that if a child is actually dwelling in the State, although his father's domicile is elsewhere, it may be adopted by a resident of that State. It was held in *Waldaborough* v. *Friendship,* 87 Me. 211, that

309—24

the adoption of a minor child operates to transfer his domicile from that of the natural parent to that of the adoptive parent. There is nothing in the statute of this State which prevents a court of this State taking jurisdiction of a child who is the ward of a court of a sister State, where that court has appointed a guardian for such child, with power to consent to the adoption of the child. There appears to be as much reason for courts of a State taking jurisdiction, for purposes of adoption, of the person of a child found within its borders as there is for taking jurisdiction for any other purpose beneficial to the child where it is found within the State.

We are of the opinion that the county court of Champaign county had jurisdiction of the parties in both of these adoption proceedings. The amended bill of appellant sets out the authority of the guardian in each case to consent to the adoption, and the fact that such consent was filed in the county court of Champaign county. The bill, therefore, did not state a cause of action and the chancellor was right in sustaining the demurrers thereto.

It is also urged with much force that the appellant having been a party to the petitions for adoption, is now estopped to assert the invalidity of the adoption proceedings. It is the rule in this State that where one successfully invokes the jurisdiction of a court he cannot question such jurisdiction in a subsequent proceeding. *Yockey* v. *Marion,* 269 Ill. 342; *Sullivan* v. *People,* 224 id. 468; *Fahnestock* v. *Gilham,* 77 id. 637; *Bates* v. *Williams,* 43 id. 494.

From what has been said it follows that the appellees are the legally adopted children of Cyril G. Hopkins, deceased, and the appellant. By section 5 of the Adoption act it is provided that "a child so adopted shall be deemed, for the purposes of inheritance by such child, and his descendants and husband or wife, and other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had

been born to them in lawful wedlock, except that he shall not be capable of taking property expressly limited to the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation." By section 10 of the act relating to descent (Smith's Stat. p. 700,) it is provided that "if, after making a last will and testament, a child shall be born to any testator, and no provision be made in such will for such child, the will shall not on that account be revoked; but unless it shall appear by such will that it was the intention of the testator to disinherit such child, the devises and legacies by such will granted and given, shall be abated in equal proportions." It was decided in *Flannigan* v. *Howard, supra,* that a child adopted after a will is made is within the meaning of section 10 of the Statute of Descent, and while appellant urges earnestly that the *Flannigan case* is not in accord with the greater weight of opinion in this country, it is the decision of this court construing a statute of this State, and for that reason, and the further reason that we are of the opinion that it is right, it is adhered to here. The statute provides that as far as inheritance is concerned an adopted child stands in the same relation to the adoptive parent as a natural child. It was held in *Ryan* v. *Foreman,* 262 Ill. 175, that an adopted child of a policeman has the same rights in a pension fund under the Police Pension Fund act as a natural child.

It is averred in the bill that section 2 of the Adoption act is unconstitutional as contravening the State and Federal constitutions, but as no error has been assigned on the ruling of the chancellor on such allegation and the question is not briefed or argued here it will be deemed to have been abandoned.

Appellant's amended bill did not state a cause of action and the circuit court did not err in dismissing it. The decree is therefore affirmed.

　　　　　　　　　　　　　　　*Decree affirmed.*