## WATHEN v. UGAST et al.
### No. 8640.

United States Court of Appeals
District of Columbia.

Argued May 29, 1944.

Decided June 30, 1944.

Mr. Christopher B. Garnett, of Washington, D. C., for appellant.

Mr. Francis W. Hill, Jr., of Washington, D. C., with whom Mr. Augustus P. Crenshaw, III, of Washington, D. C., was on the brief, for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Appellees filed this suit in the District Court for the adoption of their niece, appellant's minor child. Appellant had previously sued for divorce in Virginia where she, her husband, and the child live and are domiciled. Appellees had filed, in that suit, a petition for custody of the child. The Virginia court denied divorce, found both appellant and her husband unfit to care for the child, declined to award custody to appellees, awarded it instead to the Director of Catholic Charities in Richmond, and placed the case on its suspended docket.

Appellees then filed this suit in the District Court of the United States for the District of Columbia. Appellant was duly served with process in the District. The child's father appeared and consented to the adoption. A summons was delivered to the child's legal custodian at his residence in Virginia. He acknowledged it in a letter to the Clerk of the District Court, in which he stated that he was not interested in the outcome of the suit and that he was acting only as agent for the Virginia court. He added: "Since I have nothing to contribute in this matter, I am asking you to treat this as my answer to this summons."

The District Court denied appellant's motion to dismiss the complaint. We think this was error.

The District Code in terms gives the District Court jurisdiction of adoption suits in which the petitioner is a legal resident of the District or has actually resided there for one year.[1] But we think

---

[1] D.C.Code 1940, § 16—201.

the Code implies that the child must be within the court's control. It provides that no final decree shall be entered unless the child has lived for at least six months with the adopting parents, and also that an interlocutory decree may become final at the end of six months unless cause is shown.[2] These provisions appear to contemplate placing the child in the custody of the adopting parents, if he is not already there, at the time of the interlocutory decree.[3] Regardless of the intent of the Code, no court can validly dispose of a child by adoption proceedings unless it has jurisdiction of the child or of the person who is legally entitled to its custody.[4] There was no such jurisdiction here. The child was never before the court or in the court's control. Service of process upon the child's custodian in Virginia was not authorized by the District of Columbia Code[5] and was invalid. His letter was not an appearance, but on the contrary indicated that he had no intention of appearing. It was a mere acknowledgment of the summons.

Reversed.

[2] D.C.Code 1940, § 16—203.

[3] It is obviously desirable that the court interview a child of some degree of maturity and intelligence. Barnes v. Paanakker, 72 App.D.C. 39, 111 F.2d 193.

[4] Stearns v. Allen, 183 Mass. 404, 67 N. E. 349, 97 Am.St.Rep. 441; Appeal of Woodward, 81 Conn. 152, 70 A. 453; Van Matre v. Sankey, 148 Ill. 536, 36 N. E. 628, 23 L.R.A. 665, 39 Am.St.Rep. 196; Hopkins v. Gifford, 309 Ill. 363, 141 N.E. 178; Rizo v. Burruel, 23 Ariz. 137, 202 P. 234, 19 A.L.R. 823; Restatement, Conflict of Laws (1934) § 142(b).

[5] D.C.Code 1940, § 13—108. Cf. Cooper v. Burton, 75 U.S.App.D.C. 298, 127 F.2d 741.